**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| SEBASTIAN WILLIAMS, | : | |
| | : | Civil Action No. 12-2710 (PGS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

**SEBASTIAN WILLIAMS, Petitioner pro se**
25017-050/DB
P.O. Box 8000
Bradford, P.A. 16701

**SHERIDAN**, District Judge

Petitioner Sebastian Williams ("Petitioner"), a prisoner currently confined at Federal Correctional Institution McKean in Bradford, Pennsylvania, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this Court lacks jurisdiction to consider the petition, and it is not in the interest of justice to transfer, the Court will dismiss the petition.

**I.   BACKGROUND**

The following facts are taken from the petition and relevant court opinions.

Petitioner's underlying criminal case arose from a conspiracy to rob armored trucks that were transporting cash to

and from various retail stores and banks.  U.S. v. Williams, 240 F. App'x 995, 997 (3d Cir. Aug. 27, 2007).  Petitioner was charged with two counts of conspiracy to rob an armored truck in violation of 18 U.S.C. § 1951.  Id.  He was also charged with one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Id.  In March 2003, Petitioner was convicted by a jury on all three counts.  Id.

Petitioner was originally sentenced before the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and as such, the court sentenced him under the then-mandatory Guidelines to 140 months on each of the two robbery counts, to be served concurrently.  Id.  Petitioner received an additional mandatory sentence of 84 months imprisonment for the § 924(c) conviction, to be served consecutively, for a total term of 224 months imprisonment, followed by three years of supervised release.  Id.  Petitioner appealed and in May 2005, the Third Circuit affirmed the convictions but vacated and remanded for re-sentencing in light of Booker.  Id.  At re-sentencing, the court imposed the same sentence as before, finding a total term of 224 months to be "necessary," "reasonable," and "sufficient," given the various factors surrounding the case.  Id.  Petitioner appealed and the Third Circuit affirmed the sentence imposed by the district court.  Id.

On March 20, 2008, Petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Williams v. USA, Civil Action No. 08-1429 (GEB) (D.N.J. July 2, 2010). Among other claims, Petitioner alleged that trial counsel was ineffective for not objecting to the court striking 18 U.S.C. § 2 from Count Two of the indictment. The court found that argument to be unsupported by law and without merit. Id. at Docket Entry No. 9. Petitioner appealed the court's denial of his 2255 petition and the Third Circuit affirmed the district court's decision. Williams v. USA, Civil Action No. 10-3827 (3d Cir. Oct. 28, 2010).

Thereafter, Petitioner filed the instant habeas petition pursuant 28 U.S.C. § 2241. (Docket Entry No. 1.) In his only ground for relief, Petitioner alleges that he is "actually innocent" of the "defective indictment [he] is serving" because during the trial, the Government dropped one count of the original indictment without sending the indictment back to the grand jury. (Pet. ¶12.) Petitioner acknowledges that he previously raised this claim in his first 2255 petition. (Id.)

After filing the instant petition with this Court, Petitioner filed a request to file a second or successive petition pursuant to 28 U.S.C. § 2255, which was docketed in Petitioner's criminal case. USA v. Hyman, et al., Criminal Action No. 02-935 (GEB), Docket Entry No. 159 (D.N.J. Sept. 24,

2012). Petitioner's request was transferred to the Third Circuit and November 5, 2012, the Third Circuit denied Petitioner's request. In Re: Sebastian Williams, Civil Action No. 12-3924 (3d Cir. Nov. 5, 2012).

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

### B. Analysis

Here, Petitioner seeks habeas relief, despite the fact that he has previously filed an unsuccessful challenge to his

conviction by a motion under 28 U.S.C. § 2255.  Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive.  See 28 U.S.C. § 2255(h).  Neither of those conditions exist here.

Petitioner bases his challenge to his federal sentence on a claim of a defective indictment, one of the same claims that he made in his prior § 2255 petition.  As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S .C. § 2255.

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a

5

statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which

would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion.

Accordingly, since the <u>Dorsainvil</u> exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction, which is essentially a second or successive motion under § 2255. Petitioner has previously pursued his remedies and his requests have already been denied.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because Petitioner unsuccessfully raised the instant ground for relief in a previous 2255 petition, the denial of which was affirmed by the Third Circuit, and Petitioner was denied leave to file a successive 2255 petition, the Court finds that it is not in the interests of justice to transfer this action.

## III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

Dated:    November 19, 2012

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.